UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
_____x

MELISSA FREEDMAN                                    C.A. No.: 1:15-CV-01956-JPO

                      Plaintiff,                    **FIRST AMENDED COMPLAINT**

-against-

                                        **JURY TRIAL DEMANDED**

NYPD POLICE OFFICER ALONZO MARTINEZ,
NYPD LIEUTENANT CHRISTOPHER SCHMIDT,
NYPD INSPECTOR RODNEY HARRISON

                      Defendants,
_____x

      Plaintiff MELISSA FREEDMAN, by her attorney Alexis G. Padilla, hereby brings this action under 42 U.S.C. § 1983 to redress her civil and legal rights, and alleges as follows:

**PRELIMINARY STATEMENT**

      1.    This is a civil rights action in which the plaintiff, MELISSA FREEDMAN, seeks relief for the defendants' violations of her rights secured by the Civil Rights Act of 1871, 42 U.S.C. § 1983, and by the United States Constitution, including its Fourth, Fifth and Fourteenth Amendments. Plaintiff seeks compensatory and punitive damages, an award of costs, interest and attorney's fees, and such other and further relief as this Court deems just and proper.

## JURISDICTION AND VENUE

2.  This action is brought pursuant to 42 U.S.C. § 1983 and 1988, and the Fourth, Fifth and Fourteenth Amendments to the United States Constitution. Jurisdiction is conferred upon this Court by 28 U.S.C. § 1331 and 1343, this being an action seeking redress for the violation of the plaintiff's constitutional and civil rights.

3.  Venue in this District is proper under 28 U.S.C. § 1391 (b) and (c) in that the events giving rise to this claim occurred within the boundaries of the Southern District of New York.

## JURY TRIAL DEMANDED

4.  Plaintiff demands a trial by jury on each and every one of her claims as pleaded herein.

## PARTIES

5.  At all times relevant to this action, Plaintiff MELISSA FREEDMAN was a resident of the City of New York.

6.  Defendants Police Officer Alonzo Martinez, Lieutenant Christopher Schmidt and Inspector Rodney Harrison are and were at all times relevant herein duly appointed and acting officers, servants, employees and agents of the New York City Police Department, a municipal agency of the City of New York. At all times relevant herein, the individual defendants acted under color of the laws, statutes, ordinances, regulations, policies, customs and/or usages of the State of New York and the New York City Police Department, in the course and scope of their duties and functions as officers, agents, servants, and employees of the City of New York, acted for, and on behalf of, and with the power and authority vested in them by the City of New York and the New York City Police Department, and otherwise performed and engaged in conduct

incidental to the performance of their lawful functions in the course of their duties. They are sued individually and in their official capacity.

7.  By the conduct, acts, and omissions complained of herein, Defendant Police Officer Alonzo Martinez, Lieutenant Christopher Schmidt and Inspector Rodney Harrison violated clearly established constitutional standards under the Fourth, Fifth and Fourteenth Amendments to the United States Constitution of which a reasonable police officer under the circumstances would have known.

## STATEMENT OF FACTS

8.  On June 17, 2012 plaintiff participated in a silent march in protest of the NYPD's "stop and frisk" policy. The march was sponsored and organized in part by the New York Civil Liberties Union for whom plaintiff was a volunteer legal observer.

9.  At the conclusion of the march, around 5:00 P.M. on June 17, 2012, plaintiff was walking south on the corner of 78th and 5th Avenue in Manhattan surrounded by police and other protestors.

10. Video footage of the scene shows police and protestors on the sidewalk and the police instructing the protestors to continue walking south. Police are repeatedly heard on camera saying "keep moving south so you don't get arrested"

11. Video footage shows plaintiff was complying with this lawful order, walking south on 5th Avenue, when defendant Inspector Rodney Harrison abruptly grabbed her by the arm and said "It's a wrap." See: www.youtube.com/watch?v=3LnVHHQAvxo at the 1:00 minute mark.

12. Defendants Harrison and Schmidt subdued plaintiff and physically removed her from the sidewalk.

13. The police officers then transferred custody of plaintiff to defendant Police Officer Alonzo Martinez.

14. Defendant Police Officer Alonzo Martinez then handcuffed plaintiff and placed her in a police vehicle.

15. Plaintiff was transported to the 19th precinct house in Midtown Manhattan where she was charged with violating NYPL 240.20(5) and NYPL 240.20(6) (Disorderly Conduct) and where she remained for approximately four hours.

16. All charges against plaintiff were eventually dismissed.

17. In his arrest report, defendant Police Officer Alonzo Martinez claims that he was informed by defendant Lieutenant Christopher Schmidt that plaintiff was obstructing either vehicular or pedestrian traffic but video footage shows that plaintiff was proceeding on the sidewalk in a reasonable manner, walking south as she was instructed by the police, and that she was not holding any signs or chanting any slogans or doing anything to otherwise obstruct the flow of pedestrian traffic.

18. In his arrest report, defendant Police Officer Alonzo Martinez further claims that plaintiff was congregating with other persons in a public place and refusing to comply with a lawful order of the police to disperse, but video footage shows that when plaintiff was grabbed by defendants Harrison and Schmidt she was not part of a standing congregation but was in fact walking south in compliance with the police order and doing so by herself and at a slight distance from other protestors.

19. On June 17th at 5:00 P.M. plaintiff was arrested by the defendants without a warrant, probable cause or consent.

20. During the events described above defendants acted maliciously and with the intent to injure plaintiff.

21. At all times during the events described above, defendants were engaged in a joint venture and formed an agreement to violate plaintiff's rights.

22. During the events described above, defendant acted under color of State law, and deprived plaintiff of her rights, privileges and immunities under the laws and Constitution of the United States; in particular, the rights to be secure in her person and property and to be free from false arrest and malicious prosecution.

23. By these actions, defendant Police Officer Alonzo Martinez, Lieutenant Christopher Schmidt and Inspector Rodney Harrison deprived plaintiff of rights secured by the Fourth, Fifth and Fourteenth Amendments to the United States Constitution in violation of 42 U.S.C. § 1983.

24. As a direct and proximate cause of the acts of the defendants, plaintiff suffered the following injuries and damages.

   A. An arrest not based upon probable cause;

   B. Unwarranted and malicious criminal prosecution;

   C. Deprivation of liberty without due process of law;

   D. Denial of equal protection under the law.

## FIRST CAUSE OF ACTION

**Violation of rights secured by 42 U.S.C. § 1983 against all Defendants**

25. Plaintiff hereby restates all of the above stated paragraphs of this complaint, as though fully set forth below.

26. By detaining and imprisoning plaintiff, without a warrant and without probable

cause defendants P.O. Alonzo Martinez, Lieutenant Christopher Schmidt and Inspector Rodney Harrison deprived plaintiff of rights, privileges, and immunities guaranteed to every citizen of the United States, in violation of 42 U.S.C. § 1983, including but not limited to, rights guaranteed by the Fourth, Fifth, and Fourteenth Amendments of the United States Constitution.

27.     Defendants acted under pretense and color of state law and in their individual and official capacity and within the scope of their employment as NYPD officers.

28.     Defendant P.O. Alonzo Martinez, Lieutenant Christopher Schmidt and Inspector Rodney Harrison acted willfully, knowingly, and with specific intent but without authority of law and in abuse of their powers to deprive plaintiff of her constitutional rights as secured by 42 U.S.C. § 1983 and by the Fourth, Fifth, and Fourteenth Amendments of the United States Constitution.

29.     As a direct and proximate result of the acts of the defendants, plaintiff suffered the following injuries and damages:

      A. An arrest not based upon probable cause;

      B. Unwarranted and malicious criminal prosecution;

      C. Deprivation of liberty without due process of law;

      D. Denial of equal protection under the law.

30.     As a direct and proximate result of the misconduct and abuse of authority detailed above, plaintiff sustained the damages herein before stated.

WHEREFORE, the plaintiff requests that this Court:

    a. Award compensatory damages to plaintiff against the defendants, jointly and severally;

b. Award costs of this action to the plaintiff;

c. Award reasonable attorney's fees and costs to the plaintiff;

d. Award such other and further relief as this Court may deem appropriate.

The plaintiff hereby demands a jury trial.

Dated: July 24, 2015

Brooklyn, New York

                                            Respectfully Submitted

By: Alexis G. Padilla, Esq. [AP8285]
575 Decatur Street #3
Brooklyn, NY 11233
(917) 238-2993